IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. S., JEREMIAH SHINGLEDECKER, ALEXIS SHINGLEDECKER, | ) ) ) | |
| Plaintiffs, | ) ) | 1:19-CV-00017-CCW |
| v. | ) ) ) | |
| WESTERN POWER SPORTS, INC., | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| ROBERT WARREN, BOB'S CUSTOM & REPAIR, INC., | ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Third-Party Defendant Lil Lightning LLC's ("Lil Lightning") Motion for Certification under Rule 54(b) ("Motion for Certification"), ECF No. 85, and Defendant/Third-Party Plaintiff Western Power Sports, Inc.'s ("Western") Motion for Relief From Order at Document Number 79 or, in the Alternative, Joinder of Document Number 85 ("Motion for Relief"), ECF No. 90.

### I.    Background

On January 11, 2021, after a period of jurisdictional discovery and briefing by the parties, the Court granted Lil Lightning's Motion to Dismiss for Lack of Jurisdiction, ECF No. 75. *See* ECF No. 79. In so ruling, the Court found that Lil Lightning's contact with Pennsylvania— shipping products to a Western warehouse located within the state, from which those products could be sent to any one of Western's 11,000 local distributors located across the country—did

not rise to the level of "purposeful availment" necessary to satisfy the minimum contacts requirement under the Due Process Clause of the U.S. Constitution.  *See id.*

On January 25, 2021, Lil Lightning moved for entry of judgment under Federal Rule of Civil Procedure 54(b), arguing that dismissal for lack of personal jurisdiction "possesses sufficient finality" for certification under Rule 54(b) and that there "is no just reason to delay in entry of judgment."  ECF No. 85.  After the Court ordered responses to Lil Lightning's Motion for Judgment, ECF No. 87, Western filed its Motion for Relief.  ECF No. 90.  In short, Western's Motion for Relief contends that the Court erred as a matter of law in dismissing Lil Lighting for lack of personal jurisdiction;  alternatively, Western joins Lil Lightning's Motion for Entry of Judgment.  *See* ECF Nos. 90 and 91.

## II.    Discussion

### A.  Western's Motion for Relief Will Be Denied

Western's Motion for Relief seeks reconsideration under Federal Rule of Civil Procedure 60(b) of the Court's Memorandum Opinion and Order, ECF No. 79, dismissing Lil Lightning for lack of personal jurisdiction.  ECF No. 90 at 1.  To prevail on a motion under Rule 60(b),[1] the moving party must make "a showing of extraordinary circumstances" such that "without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'"  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).  On a motion for reconsideration, the party seeking to have a judgment altered or amended must demonstrate either:  (1) a change in controlling law;  (2) the availability of new evidence not previously before the court;  or (3) "the need to correct a clear error of law or fact or

---

[1] Western identifies Rule 60(b)'s catch-all provision as providing the grounds on which it seeks relief.  As such, Western's moves pursuant to Rule 60(b)(6), which provides that a court may provide relief from a judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

to prevent manifest injustice." *Allaham v. Naddaf,* 635 Fed. Appx. 32*,* 35–36 (3d Cir. 2015) (quoting *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Western's sole ground for reconsideration is its claim that the Court erred as a matter of law in dismissing Lil Lightning.

The crux of Western's argument is the proposition that where a defendant's forum-related conduct falls within the scope of one of the jurisdictional predicates enumerated by the forum's long-arm statue, the Due Process Clauses' minimum contacts requirement is met for the purposes of establishing specific personal jurisdiction and only the "fair play and substantial justice" prong of the personal jurisdiction analysis remains to be resolved. *See* ECF No. 91 at 2–4. Thus, Western contends that the Court erred by not specifically applying 42 Pa. C.S. § 5322(a)(1)—defining acts that constitute, for the purposes of the long-arm statute, "doing business" in the Commonwealth— and instead analyzing Lil Lightning's contacts with Pennsylvania only under the Due Process Clause because § 5322(b) of the Pennsylvania long-arm statute authorizes courts to exercise personal jurisdiction to the full extent allowed under the U.S. Constitution. *Id.*

The Court's analytical approach, however, is in line with controlling precedent. To be sure, the traditional personal jurisdiction analysis involves a two-step inquiry: first, the court looks to the forum's long-arm statute "to see if it permits the exercise of personal jurisdiction," and, second, the court then applies "the precepts of the Due Process Clause of the Constitution." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). However, where the forum's long-arm statute authorizes the exercise of personal jurisdiction to the full extent permitted under the U.S. Constitution, as is the case in Pennsylvania, "this inquiry collapses into one step." *Diab v. British Airways, PLC*, Civil Action No. 20-3744, 2020 U.S. Dist. LEXIS 218765, at *8 (E.D. Pa.

Nov. 23, 2020) (citing *Remick v. Manfredy*, 238 F.3d 248, 255 (3d. Cir. 2001));  *see also O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 316 (3d Cir. 2007);  *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

Furthermore, under either the traditional two-step inquiry or the one-step analysis, the exercise of personal jurisdiction is only proper under the Due Process Clause where "the defendant has 'certain minimum contacts with…[the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316.  This minimum contacts analysis requires, as a threshold matter, that "the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum.'" *Id.* at 317 (quoting *Hansen v. Denckla*, 357 U.S. 235, 253 (1958)).

Therefore, Western's argument—specifically that "[o]nce subpart (a) of [Pennsylvania's] long arm statute is satisfied, a nonresident has automatically availed itself of personal jurisdiction and further analysis of the quality or quantum of the activity is neither necessary nor appropriate"—is at odds with both the traditional two-step personal jurisdiction inquiry and the one-step analysis applicable here.  ECF No. 91 at 4.  That is, under Western's theory of personal jurisdiction, the fundamental question of whether a defendant's contacts with a forum rise to the minimum level required under the Due Process Clause would be irrelevant so long as those contacts fall within one of the jurisdictional predicates enumerated in the forum's long-arm statue.[2]

To the contrary, "the critical finding that the defendant purposefully availed itself of the privilege of conducting activities within the forum requires contacts that amount to a deliberate reaching into the forum state to target its citizens." *D'Jamoos*, 566 F.3d at 103 (citing *Burger*

---

[2] The Court notes, too, that the case law Western cites in support of its motion largely pre-dates more recent, controlling precedent dealing with the contours of specific personal jurisdiction and/or involves factually dissimilar scenarios, as where the defendant seeking to avoid jurisdiction had sold and/or shipped a non-conforming or defective product directly to a Pennsylvania resident consumer or customer.  *See* ECF No. 91 at 5–6.

*King v. Rudzewicz*, 471 U.S. 462, 475–76 (1985));   *O'Connor*, 496 F.3d at 317–18.   That is, specific personal jurisdiction "exists when alleged injuries 'arise out of or relate to' activities 'purposefully directed' by a defendant toward residents of the forum state."  *Shuker v. Smith & Nephew*, 885 F.3d 760, 780 (3d Cir. 2018) (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009)).

It is the "deliberate reaching into the forum state to target its citizens" that the Court found lacking here.  Specifically, the Court found that based on the record before it, Lil Lightning's contact with Pennsylvania—shipping products to Western's warehouse for distribution to a network of 11,000 local distributors across the United States—"does not demonstrate 'purposeful availment' or 'deliberate targeting' such that the exercise of specific personal jurisdiction would be proper here."  ECF No. 79 at 6–7.  Indeed, the Court's conclusion finds support in the United States Court of Appeals for the Third Circuit's recent precedential decision in *Shuker*, where the court found that factual allegations showing "only that PLC sold its products through Smith & Nephew in Pennsylvania as part of its effort to sell products in the United States generally" could not support the exercise of specific personal jurisdiction because "efforts 'to exploit a national market' that 'necessarily included Pennsylvania' are insufficient."  *Shuker*, 885 F.3d at 780.

As such, Western has not shown that the Court committed a clear error of law, and its Motion for Relief will be denied.

### B.  Lil Lightning's Motion for Certification Will Be Denied

Federal Rule of Civil Procedure 54(b) is designed "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."  *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Allis-Chalmers Corp. v. Phila. Elec. Co*., 521 F.2d 360, 363 (3d Cir. 1975)).  The

decision whether or not to certify under Rule 54(b) "is left to the sound judicial discretion of the district court to determine 'the appropriate time' when each final decision in a multiple claims action is ready for appeal," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 8 (1980) (citation omitted), because the district court is the court "'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Rodriguez v. City of Phila*., Civil Action No. 14-4435, 2018 U.S. Dist. LEXIS 101741, at *36 (E.D. Pa. June 18, 2018) (quoting *Sears, Roebuck & Co*. *v. Mackey*, 351 U.S. 427, 437 (1956)).  "Certification of a judgment as final under Rule 54(b) is the exception, not the rule" and should be granted "only in the infrequent harsh case." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotation marks omitted).

Rule 54(b) certification requires two separate conditions:  "(1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief;  and (2) there is 'no just reason for delay.'" *Berckeley*, 455 F.3d at 202 (quoting *Curtiss-Wright,* 446 U.S. at 7-8).  "[T]he burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Allis-Chalmers*, 521 F.2d at 365.

If a court does decide to certify under Rule 54(b), the district court must "do more than just recite the 54(b) formula of 'no just reason for delay.'  The court should clearly articulate the reasons and factors underlying its decision to grant 54(b) certification." *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co*., 316 F.3d 431, 441 (3d Cir. 2003) (quoting *Allis-Chalmers*, 521 F.2d at 364).  Furthermore, in considering whether to grant a motion for certification under Rule 54(b), the Third Circuit has articulated factors that the district courts should consider:

> (1) the relationship between the adjudicated and unadjudicated claims;  (2) the possibility that the need for review might or might not be mooted by future developments in the district court;  (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;  (4) the presence or absence of

a claim or counterclaim which could result in set-off against the judgment sought to be made final;  (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley,* 455 F.3d at 203 (quoting *Allis-Chalmers Corp.*, 521 F.2d at 364).  Although these factors are not "jurisdictional," they are "'a prophylactic means of enabling the appellate court to ensure that immediate appeal will advance the purpose of the rule.'"  *Id.* (quoting *Carter v. City of Phila.*, 181 F.3d 339, 345 (3d Cir. 1999)).

Here, Lil Lightning argues in its Motion for Certification that there is no just reason for delay.  In particular, Lil Lightning posits that future developments in this case will not render the Court's decision to dismiss Lil Lightning moot, and there is no possibility that the Court of Appeals would be asked to review this jurisdictional issue twice.  ECF No. 86 at 4.  Lil Lightning also points out that there are no claims or counterclaims remaining against it.  *Id.*  Finally, Lil Lightning asserts that because it "is a defunct company, disposing of this nonexistent [sic] that is not subject to jurisdiction in Pennsylvania serves the interests of judicial economy."  *Id.*

Turning, however, to the *Allis-Chalmers* factors, the Court is not persuaded that certification under Rule 54(b) is warranted at this time.  First, the Court notes that Western's claims against Lil Lightning are derivative of Plaintiffs' underlying claims against Western.  That is, Plaintiffs have no direct claims against Lil Lightning;  rather, Western contends that, to the extent it is found liable to Plaintiffs, Lil Lighting should bear some or all of that liability through contribution or indemnity.  Second, appellate review of the District Court's dismissal of Lil Lightning might be mooted by either settlement of the underlying claims, summary judgment in Western's favor, or a judgment at trial in Western's favor.

Next, although the Court agrees with Lil Lightning that there is little chance the Court of Appeals would be called on to review this particular jurisdictional issue twice, and there is no issue

7

of set-off here, other practical considerations weigh in favor of delaying certification.  Specifically, while this case has been pending for more than two years (and more than three years have passed since the incident giving rise to Plaintiff M.S.'s alleged injuries), the parties have yet to complete fact discovery on Plaintiffs' underlying claims, in part because of the litigation regarding whether Lil Lightning is subject to personal jurisdiction in Pennsylvania.  Given the parties' need for expert discovery and the possibility of dispositive motions, certification would further delay resolution of Plaintiffs' claims, which do not turn on Lil Lightning's presence or absence from the case.

Accordingly, the Court concludes that this is not "'the infrequent harsh case' in which final certification should be granted." *Allis-Chalmers Corp.*, 521 F.2d at 363 (quoting *Panichella v. Pa. R.R. Co.,* 252 F.2d 452, 455 (3d Cir. 1958)).

### III.    Conclusion

For the foregoing reasons, Defendant/Third-Party Plaintiff Western Power Sports, Inc.'s Motion for Relief, ECF No. 90, is hereby DENIED.  Third-Party Defendant Lil Lightning LLC's Motion for Certification, ECF No. 85, in which Defendant/Third-Party Plaintiff Western Power Sports, Inc., joins, is also hereby DENIED.


IT IS SO ORDERED.

DATED this 9th day of February, 2021.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record

8