IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. S., JEREMIAH SHINGLEDECKER, AND ALEXIS SHINGLEDECKER, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN POWER SPORTS, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> ROBERT WARREN, and BOB'S CUSTOM & REPAIR, INC., <br><br> Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:19-CV-00017-CCW |

## MEMORANDUM ORDER APPROVING SETTLEMENT

Before the Court is the Amended Petition to Approve Settlement of Minor's Action filed by Plaintiffs Jeremiah and Alexis Shingledecker, parents and natural guardians of Minor-Plaintiff M.S. *See* ECF No. 112. For the reasons that follow, the Amended Petition will be APPROVED.

### I. Background

#### A. Factual Background

This case arose from a 2018 incident in which a jump-start battery pack connected to a utility terrain vehicle ignited, causing M.S., an adolescent at the time, to suffer severe burns. The battery pack at issue was a "Lil Lightning RP3 Lightning Pak," purchased by Defendant/Third-Party Plaintiff Western Power Sports from Third-Party Defendant Lil Lightning LLC (a now-defunct Idaho entity) and sold to non-party Gellners Sales & Service. The subject battery pack

was then purchased by Third-Party Defendant Robert Warren, who is the owner of Third-Party Defendant Bob's Custom & Repair, Inc.

### B. Procedural History

On January 18, 2019, Plaintiffs initiated this products liability action against Western Power Sports, who, in turn, filed a Third-Party Complaint against Lil Lightning LLC, Robert Warren, and Bob's Custom & Repair, Inc. *See* ECF Nos. 1, 30. Lil Lightning moved to dismiss for lack of personal jurisdiction, which the Court denied without prejudice, with leave to renew the motion following a period of jurisdictional discovery. *See* ECF Nos. 48, 62–63. Following jurisdictional discovery, Lil Lightning renewed its motion to dismiss, which the Court granted. *See* ECF Nos. 75, 79. On May 3, 2021, the Court was advised that the remaining parties had reached an agreement resolving Plaintiffs' claims. *See* ECF No. 99.

Plaintiffs first petitioned the Court, under seal, to approve the settlement on June 4, 2021. *See* ECF Nos. 108–109. By order dated June 18, 2021, the Court denied the petition, without prejudice, because the Court required additional information to evaluate the requested attorneys' fees and because Plaintiffs' counsel had not supplied an appropriate affidavit as required by LCvR 17.1(B). *See* ECF No. 110. On June 30, 2021, Plaintiffs filed their sealed Amended Petition, including the proposed distribution of the settlement. *See* ECF Nos. 111–112.

## II. Discussion

The Court has "an inherent duty to protect the interests of minors…who appear before it"; as such, the Court must "determine the fairness of any settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount in a suit brought on behalf of a minor." *Nice v. Centennial Area Sch. Dist.*, 98 F.Supp.2d 655, 667 (E.D. Pa. 2000) (citations omitted). To that end, this District's Local Rule 17.1 provides that "[n]o action to which a minor is a party shall

be compromised, settled, discontinued or dismissed except after approval by the Court pursuant to a petition presented by the guardian of the minor or the natural guardian of the minor." LCvR 17.1(A). And, because the Court's jurisdiction in this case is based on diversity of citizenship, under the *Erie* doctrine the Court must apply Pennsylvania state law when evaluating the Amended Petition. *See id.* at 667–68 (citations omitted). Accordingly, "[i]n considering petitions to approve compromise settlement and distribution, the court must assess the following: (1) the sufficiency of the petition; (2) the fairness of the proposed settlement amount; and (3) the reasonableness of the requested counsel fees." *Johnson v. Clearfield Area Sch. Dist.*, 319 F.Supp.2d 583, 586 (W.D. Pa. 2004) (citing *Calvert v. General Accident Ins. Co.*, Civil Action No. 99-3599, 2000 WL 124570, at *5–*6 (E.D. Pa. Feb. 1, 2000)).

### A. The Amended Petition is Sufficient

To be sufficient, a petition for approval of settlement must provide "sufficient information upon which the court may base its decision." *Johnson*, 319 F.Supp.2d at 587. Thus, "in order to 'assure that the minors' best interests are protected, the petition should include all relevant facts and the reasons why the minors' guardian believes the settlement is desirable.'" *Id.* (citing *Calvert*, 2000 WL 124570, at *5). Here, the Amended Petition recounts the salient facts of the case, recites the relevant procedural history, and provides necessary detail regarding the terms of the settlement, the proposed distribution, and the reasonableness of the attorneys' fees in light of the efforts of counsel. As such, upon review of the Amended Petition and supporting exhibits, the Court is satisfied that Plaintiffs have provided sufficient information for the Court to make its decision.

### B. The Proposed Settlement is Fair

Although, "generally, the 'parties and counsel are … in the best position to evaluate the settlement and their judgments are entitled to considerable weight,'" *Johnson*, 319 F.Supp.2d at

3

587 (quoting *Calvert*, 2000 WL 124570, at *5), the court must nevertheless "make an independent evaluation with regard to the fairness of the settlement value to the minor." *Id.* (citation omitted). Here, given the extent of M.S.'s injuries, her course of treatment, and the most recent medical evaluation provided (as disclosed in the Amended Petition and supporting exhibits), and in light of the appropriate weight given to the opinion of counsel and M.S.'s parents, the Court finds that the proposed settlement is fair.

### C. The Requested Counsel Fees are Reasonable

Under Pennsylvania law, the Court must "'make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise.'" *Johnson*, 319 F.Supp.2d at 588 (quoting Pa. R. Civ. P. 2039(b)). "In doing so, the court must 'strike a balance between being a "passive pro forma rubber stamp"… and being too intrusive in its consideration of the fairness of counsel fees.'" *Nice,* 98 F.Supp.2d at 670 (quoting *Stecyk v. Bell Helicopter Textron, Inc*., 53 F. Supp. 2d 794, 800–01 (E.D. Pa. 1999)). Thus, even where, as here, "the minor's parents have agreed to a contingent fee agreement," the court must "independently investigate the fee to be charged to ensure that it is fair and reasonable." *Id.* To that end, Pennsylvania courts apply the following ten-factor test to measure the effectiveness of counsel and the fairness of the requested fees:

> (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was "created" by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) "very importantly" the amount of money in question.

*Johnson*, 319 F.Supp.2d at 590–91 (citing *Nice*, 98 F.Supp.2d at 671); *see also Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990).

After considering the Amended Petition and supporting exhibits in light of the factors set forth above, the Court is persuaded that the request for fees—one third of the total settlement, in accordance with the contingent fee arrangement—and expenses here is reasonable and fair. According to the Amended Petition and the affidavit submitted by counsel pursuant to LCvR 17.1(B), reaching the settlement in this case involved significant work, including litigation of a separate action in state court, obtaining exemplar products (a task mad more difficult by virtue of Lil Lightning being defunct), and consultation with experts. *See* ECF No. 112-4 at 2–3. Furthermore, counsel's efforts resulted in a significant recovery on behalf of M.S. As such, the Court will approve the requested fees and expenses.

## III. Conclusion

For the foregoing reasons, it is hereby ORDERED and DECREED that settlement on behalf of the minor M.S. is approved in the amount and according to the terms set forth in the Amended Petition and proposed order. *See* ECF Nos. 112, 112-1.

DATED this 1st day of July, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record